PER CURIAM.
The evidence was undisputed that appellants were invited into the victims’ home prior to any crime being committed; therefore, their burglary convictions must be reversed pursuant to Delgado v. State, 25 Fla. L. Weekly S631, — So.2d-, 2000 WL 1205960 (Fla. Aug. 24, 2000) (on reh’g). In accordance with section 924.34, Florida Statutes (1997), the case is remanded to the trial court for entry of judgments and sentences for simple battery as to appellant Brian Hinchcliff, who was convicted of burglary-with-a-battery in violation of section 810.02(2)(a), Florida Statutes (1997), and trespass of an occupied dwelling as to appellant Charles Hin-chcliff, who was convicted of burglary of a dwelling in violation of section 810.02(3)(a). Because a new judgment and sentence must be entered as to appellant Charles Hinchcliff, we direct the trial court to conform the written sentence for Count II to the oral sentencing pronouncement of “time served.” Based upon this disposition, we do not reach appellant Brian Hin-chcliff s second issue.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
ERVIN, VAN NORTWICK and BROWNING, JJ, CONCUR.